CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

MAR 3 1 2008

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| MARVIN CARMON, ) | |
| Plaintiff, ) | Civil Action No. 7:08-cv-00244 |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| GARY BASS, et. al., ) | By: Hon. Glen E. Conrad |
| Defendants. ) | United States District Judge |

Plaintiff Marvin Carmon, Virginia inmate number 249169, brings this pro se action under the Civil Rights Act, 42 U.S.C. § 1983, with jurisdiction vested under 28 U.S.C. § 1343. In his complaint, plaintiff alleges that the defendant prison officials have violated, and continue to violate, his constitutional rights by failing to transfer him from Wallens Ridge State Prison ("WRSP"), in Big Stone Gap, Virginia, to a lower security level prison to match his low security scores under Virginia Department of Corrections (VDOC) procedures. As relief, he seeks injunctive relief directing that he be transferred to a lower security level prison facility, and monetary damages for each day he remains at WRSP. Upon consideration of the complaint, the court finds that this action should be dismissed pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.[1]

I.

Plaintiff is presently housed at WRSP, a security level 5 prison. He states that he "has been charge free since 2006," or for a "1 1/2 year" period, that for an unspecified length of time he "has maintained employment" or pursued educational opportunities with the VDOC, and that he "has completed all requirements for treatment." Plaintiff alleges that he "presently scores 24 points as

---

[1] A complaint filed by an inmate challenging the conduct of an "officer or employee of a governmental entity" may be dismissed under § 1915A(b)(1) if the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted."

his security level," which qualifies him for a security level 3 institution. According to plaintiff, he is eligible for a transfer to a lower security level prison, and bed spaces are available at lower security institutions, but he nonetheless remains housed at WRSP. He states that he has 38 years left to serve on his criminal sentence.

## II.

To state a cause of action under §1983, a plaintiff must establish that he has been deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42 (1988). When a defendant is lawfully convicted and confined to jail, he loses a significant interest in his liberty for the period of the sentence. Gaston v. Taylor, 946 F.2d 340, 343 (4th Cir. 1991). For example, inmates have no constitutional right to be housed in any particular prison or in a prison with less restrictive conditions. Meachum v. Fano, 427 U.S. 215, 224 (1976).

> The initial decision to assign the convict to a particular institution is not subject to audit under the Due Process Clause, although the degree of confinement in one prison may be quite different from that in another. The conviction has sufficiently extinguished the defendant's liberty interest to empower the State to confine him in *any* of its prisons.

Id. at 224-25. Moreover, inmates' confinement is necessarily subject to the broad discretion of those parties managing the jail. Gaston, 946 F.2d at 343.

Nevertheless, confinement does not strip inmates of all liberty interests, and state prison regulations may create liberty interests. Id. Such liberty "interests will be generally limited to the freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin

2

v. Conner, 515 U.S. 472, 484 (1995). Courts have found that Virginia's classification scheme governing prisoners' custody, security, and good conduct earning levels does not create a liberty interest in avoiding changes in these classifications, because an inmate's status in each of these areas is subject to change, based on his own behavior and the discretion of prison officials. Oliver v. Powell, 250 F. Supp.2d 593, 605 (E.D. Va. 2002); Garrett v. Angelone, 940 F. Supp.2d 933, 943 (W.D. Va.1996). A state's failure to abide by its own procedural regulations before imposing disciplinary segregation or another less than favorable housing assignment is not a federal due process issue, Riccio v. County of Fairfax, Va., 907 F.2d 1459, 1469 (4th Cir.1990), and is, therefore, not actionable under § 1983.

Under these principles, plaintiff's allegations fail to state any due process claim actionable under § 1983. First, he has no independent constitutional right to be housed in any particular prison within the VDOC system. Second, Virginia's security classification system does not create any federally protected liberty interest in being housed in a particular prison. As such, the defendants are not violating any constitutionally protected right by continuing to house him at WRSP in a more restrictive environment, despite his improving security scores. They are merely exercising their discretion concerning the appropriate housing assignment for him and for the other thousands of VDOC inmates. Third, even assuming that VDOC procedural regulations normally require an inmate to be housed at an institution matching his security level, violations of state regulations do not give rise to any federal constitutional claim. Brown v. Angelone, 938 F. Supp. 340, 344 (W.D. Va.1996) (citing Riccio, 907 F.2d at 1469). Thus, even if plaintiff could prove that the delay of his approved transfer to a lower level security institution violates VDOC procedures, he still would not have a federal constitutional claim actionable under § 1983. To the extent plaintiff purports to bring

Case 7:08-cv-00244-GEC-mfu   Document 7   Filed 03/31/08   Page 3 of 6   Pageid#: 33

some portion of the instant complaint against the defendants under state law or the VDOC regulations themselves, such state law claims are not independently cognizable under § 1983.[2] The court will summarily dismiss all of plaintiff's due process claims, pursuant to § 1915A(b)(1), for failure to state any actionable claim for relief.

### III.

Construing the complaint liberally, plaintiff also alleges that the delay of his transfer is unfair and violates the Fourteenth Amendment because other inmates with lengthier sentences and higher security level scores have been transferred away from WRSP, while he has been waiting for his own transfer to occur. The court finds no constitutional problem here.

The Equal Protection Clause provides that "[n]o State shall . . . deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1. It "does not take from the States all power of classification, but keeps governmental decision makers from treating differently persons who are in all relevant respects alike." Veney v. Wyche, 293 F.3d 726, 730 (4th Cir. 2002) (citation and internal quotation marks omitted). Thus, to prove an equal protection claim, a litigant "'must first demonstrate that he has been treated differently from others with whom he is similarly situated and that the unequal treatment was the result of intentional or purposeful discrimination.'" Veney, 293 F.3d at 730 (quoting Morrison v. Garraghty, 239 F.3d 648, 654 (4th Cir. 2001)). Prisoner litigants must generally demonstrate that any unequal treatment is not rationally related to a legitimate governmental purpose. Moss v. Clark, 886 F.2d 686, 690 (4th Cir. 1989) (finding no equal protection violation where inmates sentenced in D.C. courts and housed in

---

[2]To the extent plaintiff might state an actionable claim against the defendants under state law or the VDOC procedures themselves, the court declines to exercise supplemental jurisdiction over such claims, pursuant to 28 U.S.C. § 1367(c), and will dismiss them without prejudice.

4

federal prisons could not earn good time credit at as favorable a rate as inmates sentenced in D.C. courts and housed in D.C. prisons); see also Strickler v. Waters, 989 F.2d 1375 (4th Cir. 1993) (finding no equal protection violation where inmate with sentence to serve in state prison facility spent long period in local jail with less favorable conditions, specifically, overcrowding, inadequate exercise facilities, poor climatological conditions, and an inadequate library with restricted access). Even where similarly situated persons are treated differently, a state classification "that neither proceeds along suspect lines nor infringes fundamental constitutional rights must be upheld against an equal protection challenge if there is any reasonably conceivable state of facts that could provide a rational basis for [it]." FCC v. Beach Communications, Inc., 508 U.S. 307, 313 (1993).

Plaintiff has not proven either aspect of his equal protection claim. First, he does not, and likely cannot, demonstrate that the prisoners transferred away from WRSP were similarly situated to him in all respects relevant to a discretionary transfer decision. Many factors besides security level score and available bed space at other institutions play into housing assignment decisions, such as inmates' rehabilitation or medical needs, family location, upcoming court proceedings, percentage of time served on the criminal sentence, time left to serve before release, and a host of other variables impossible for plaintiff to match completely. Second, these same factors provide a rational basis for prison officials to treat inmates differently when considering transfers, even when the inmates have precisely the same security level score. Accordingly, the court must dismiss plaintiff's equal protection claims, pursuant to § 1915A, for failure to state any actionable claim.[3]

---

[3]Inasmuch as the court finds that plaintiff's allegations, even taken in the light most favorable to him, do not give rise to any claims cognizable under § 1983, the court cannot find that justice requires appointment of counsel on his behalf or that he is entitled to the preliminary injunctive relief that he seeks. Therefore, these motions must be denied.

5

## IV.

For the stated reasons, the instant complaint will be dismissed pursuant to 28 U.S.C. § 1915A. An appropriate order shall be issued this day.

The plaintiff is advised that he may appeal this decision pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure by filing a notice of appeal with this court within 30 days of the date of entry of this opinion and the accompanying order, or within such extended period as the court may grant pursuant to Rule 4(a)(5).

The Clerk is directed to send copies of this memorandum opinion and accompanying order to plaintiff.

**ENTER**: This 31st day of March, 2008.

*/s/ Glen Conrad*
United States District Judge

6

Case 7:08-cv-00244-GEC-mfu   Document 7   Filed 03/31/08   Page 6 of 6   Pageid#: 36